____ FILED ___ ENTERED
____ LOGGED _____ RECEIVED

4:07 pm, January 28 202
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____CB_____Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Misc. No. 1:26-mj-0072** |
| **TIAGO ALEXANDRE** | * | |
| **SOUSA-MARTINS,** | | |
| | * | |
| **Defendant.** | | |
| | * * * | |

### <u>ORDER</u>

THIS MATTER is before the Court *sua sponte*.  On January 15, 2026, the United States of America filed a criminal complaint alleging Tiago Alexandre Sousa-Martins committed two criminal offenses.  ECF 1.  An initial appearance occurred on January 16, 2026.  ECF 8.  At the initial appearance, the government advised that as charged, the applicable maximum penalty for each alleged offense is one year.  *See* 18 U.S.C. § 111(a); 18 U.S.C. § 1361.  Mr. Sousa-Martins, through counsel, consented to pretrial detention and noted his reservation of his right to seek his release pending trial.  *See* ECF 12.  Since the initial appearance, the only filings are a notice of appearance by defense counsel and a joint motion to toll Speedy Trial Act computations regarding the time by which the government must obtain an indictment or file a criminal information.  ECFs 14-15.

Federal Rule of Criminal Procedure 5.1(a) requires a preliminary hearing in all cases involving a charge "other than a petty offense" unless one of five circumstances occurs.  Where the accused is in custody, such hearing shall occur no later than fourteen days after an initial appearance unless there is consent, good cause, or extraordinary circumstances justifying a later hearing date.  Fed. R. Crim. P. 5.1(c)-(d).  This case does not involve a petty offense, so the Rule 5.1 framework applies.  *See* 18 U.S.C. § 19 (defining

"petty offense" as a Class B or Class C misdemeanor); 18 U.S.C. § 3581 (Class B misdemeanor is an offense punishable by no more than six months; Class C misdemeanor by no more than thirty days).

No condition eliminating the right to a preliminary hearing has occurred here. The Court finds no indication that Mr. Sousa-Martins waived his right to preliminary hearing, either orally or in writing, at or since the initial appearance. *See* Fed. R. Crim. P. 5.1(a)(1). The government has not obtained an indictment, filed an information charging a felony, or filed an *information* charging a misdemeanor. *See* Fed. R. Crim. P. 5.1(a)(2)-(4). And there appears to be no record—either at the initial appearance or in any subsequent filing—that Mr. Sousa-Martins consents to trial before a magistrate judge. *See* Fed. R. Crim. P. 5.1(e).

Therefore, it is hereby ORDERED that, no later than 5:00 p.m. on Thursday, January 29, 2026, the parties shall advise the Court whether (1) they are available for a preliminary hearing within the time prescribed in Rule 5.1(c); (2) they seek a later date based on Rule 5.1(d); or (3) a Rule 5.1(a) circumstance exists here and eliminates the required preliminary hearing. The parties may file jointly or separately outlining their respective positions.

Date: January 28, 2026                                  _____/s/_____

                                                        Charles D. Austin
                                                        United States Magistrate Judge